FILED
SUPERIOR COURT
OF GUAM

2018 MAR 23 PM 4: 19

CLERK OF COURT

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ESTATE | ) PROBATE CASE NO. PR0134-14 |
| OF | ) |
| LUCY PEARL ULLOA, | ) FINDINGS OF FACT AND CONCLUSIONS<br>) OF LAW RE: PETITION FOR<br>) PRELIMINARY DISTRIBUTION |
| DECEASED. | ) |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on November 30, 2017 for a hearing on a Petition for Partial and/or Preliminary Distribution (the "Petition for Preliminary Distribution") filed by Petitioners and Heirs: George F. Ulloa, Priscilla J. U. Hartwick, and Esther M. U. Thompson ("Petitioners"). Petitioners appeared through counsel, Attorney Daniel J. Berman. Also present was Attorney Jacqueline Terlaje for Vivian U. McCurdy ("McCurdy"), an heir and surviving sibling of Decedent Lucy Pearl Ulloa ("Decedent"). Administratrix Marcelene Santos and Attorney Vince Camacho, counsel for Administratrix, were also present.

Petitioners are seeking a preliminary distribution of the 108,333 shares of stocks in Chamorro Equities, Inc. ("CEI"). At the hearing, McCurdy argued a preliminary distribution at this time is "premature."[1] At the conclusion of the oral arguments, the Court took the matter Under Advisement pursuant to the Local Rules of the Superior Court CVR 7.1(e). Having reviewed the parties' oral arguments, the relevant law, and the record, the Court now issues these findings of facts and conclusions of law.

//

---

[1] Hearing on Petitioner's Partial and/or Preliminary Distribution at 2:39:50 to 2:44: 02 (Nov. 30, 2017).

# FINDINGS OF FACT

A. FACTUAL AND PROCEDURAL BACKGROUND

By a preponderance of the evidence, the Court makes the following findings of fact:

1. Decedent was a resident of Guam and died on Guam on October 9, 2014.

2. The relevant summary of the procedural background in this case includes:

    a. On October 24, 2014, McCurdy filed a Petition for Probate of Will and Letters Testamentary. On December 15, 2014, the Public Guardian filed an objection to appointment of McCurdy as the Executor of the Estate of the Decedent.

    b. On December 17, 2014, George Ulloa filed an objection to McCurdy serving as Executor of the Estate of Lucy P. Ulloa, explicitly stating, "[George] makes no objection to the dispositive portion or other portions of [decedent's] Will. Instead, this objection is based on 15 GCA § 1723(a), and limited to an objection to [McCurdy] serving as an Executor of the Estate."

    c. On March 21, 2016, the Court issued an Order after Hearing ("OAH") following a continued bench trial on the appointment of an executor of Decedent's estate. In that OAH, the Court:

        i. Granted the Motion to Dismiss the Petition and denied the Motion to immediately appoint Marcelene Santos as a Special Administrator,

        ii. Granted George Ulloa's motion to deny issuance of letters of testamentary to McCurdy,

        iii. Denied the motion to appoint Marcelene Santos, in either official or personal capacity, as a special administrator while a final determination of her cross-petition for letters of administration remains pending, and

        iv. Appointed the Clerk of Court, Danielle Rosete, as Special Administrator of Decedent's Estate.

d. On August 18, 2016, the Court issued a Decision and Order finding the Public Guardian, Marcelene Santos, competent for appointment as Administrator of Decedent's Estate with the will annexed.

3. On August 10, 2017, Petitioners filed the instant Petition requesting the Court to grant a preliminary distribution under Title 15 GCA § 3001(a) (1) based on Decedent's Last Will and Testament, "an equal, proportionate distribution to all five (5) heirs of 108,333 shares of common stock in CEI, divided into five (5) equal shares," or at 20% (21,666.60 shares). *See* Petition for Preliminary Distribution (Aug. 10, 2017).

4. On November 30, 2017, two hours before the scheduled hearing on the Petition, McCurdy filed a Notice of Objection to the Petition. The Court permitted both parties the opportunity to provide further oral arguments on the Petition and Objection to the Petition.

5. At the hearing, the Administratrix requested that the Court not issue a ruling on this Petition until after an Inventory and Appraisement is filed. The Petitioners did not object to the Administratrix's proposition.

6. During the hearing, the Court also recognized that all notices required by Guam law have been satisfied.

7. On December 13, 2017, the Administratrix filed an Inventory and Appraisement of Decedent's real and personal property. On February 14, 2018, the Administratrix filed an Amended Inventory and Appraisement. The total estimated value of Decedent's real and personal property (the "Estate") was $2,564,663.68 as of February, 2018; including, 108,333 shares of stock in CEI, valued at $1,346,000.

8. On March 9, 2018, McCurdy filed a Notice of Civil Action and Objection to the fair market value of the assets asserted by the Administratrix.

9. The matter in CV0632-17, *Vivian Ulloa McCurdy v. Chamorro Equities, Inc.* arises out of a dispute regarding the ownership of Lot 3307-2-R1. In that case, McCurdy is

requesting for judgment declaring the Estate of Lucy P. Ulloa as the owner of the Agana Heights Residence.

10. The matter in CV1120-16, *Vivian Ulloa McCurdy v. Estate of Lucy P. Ulloa, by its Court-Appointed General Administrator, Office of the Public Guardian, Marcelene C. Santos* arises out of a claim for costs and expenses owed to McCurdy in defending her appointment as executrix to Decedent's will in this case and while acting as the guardian of Decedent's estate in SP0168-05.

11. Petitioners contend that the 108,333 CEI stocks should be distributed as follows:

    a. Esther M. U. Thompson (20%)

    b. Priscilla J. U. Hartwick (20%)

    c. Vivian W.U. McCurdy (20%)

    d. George Ulloa (20%)

    e. Heirs of the estate of Paul D. Ulloa (20%)

        i. Steven L. Ulloa (5%)

        ii. Frederick Ulloa (5%)

        iii. Bertha L. Saladier (5%)

        iv. Walter D. Ulloa (5%)

B. RELEVANT PORTIONS OF DECEDENT'S WILL

1. Section 11, which states, "I give to my heirs 100,000 shares of Chamorro Equities, Inc. to be divided equally by the following heirs:

    a. Esther M. U. Thompson

    b. Priscilla J.U. Hartwick

    c. Alvin J. Ulloa

    d. Paul D. Ulloa

    e. George F. Ulloa

    f. Vivian W.U. McCurdy

2. Section 15, which states, "I hereby appoint my sister, Vivian W.U. McCurdy, as the sole executor of my LAST WILL AND TESTAMENT, should she predecease me, or is otherwise unable to act as Executor, I appoint my brother, Alvin J. Ulloa as my executor."

3. Section 16 which states:

Every heir, legatee, devisee, or beneficiary under this will who shall contest in any court any provision of this instrument shall not be entitled to any devises, legacies, or benefits under this will or any codicil to this will or any trust created by this will. Any and all devices, legacies, and portions of the income or corpus of my estate, otherwise provided to be paid to such person, shall lapse and shall be paid, distributed and passed as remainder in my estate. My executor is specifically authorized to defend at the expense of my estate any contest or attack of any nature upon this will or any codicil to this will, or on any paragraph or provision.

## CONCLUSIONS OF LAW

A. THIS COURT HAS SUFFICIENT INFORMATION TO MAKE ITS DETERMINATION AS REQUIRED BY SECTIONS 3001 AND 3003

1. First, McCurdy argues that the Court does not have sufficient information to make its determinations as required under Guam law. Specifically, under Section 3001 and 3003, the Court cannot grant a preliminary distribution without an inventory and appraisement of Decedent's estate. However, Petitioner did not object to the Court reserving its ruling until after the Administratrix files an inventory and appraisement.[2] The Administratrix has since filed two inventory and appraisements; therefore, this argument is moot. Thus, the Court must now decide whether the requirements of the Guam Code governing preliminary distributions are met.

2. Section 3001 of Title 15 of the Guam Code Annotated permits preliminary distributions. 15 GCA § 3001. Guam law provides that preliminary distribution may

---

[2] McCurdy filed an objection to the Fair Market Value of the assets asserted by the Administratrix, arguing that the "appraised value of the property held by [CEI] is in excess of the values set forth as the Fair Market Value of the shares held by [CEI]." Not. of Civil Action and Objection, at p. 2 (Mar. 9, 2018).

be appropriate when the notice requirement under Section 2503 has been satisfied and upon bond (or with or without bond as the Superior Court determines). *Id.*

3. In a preliminary distribution hearing, the Court must find that, "all of the allegations of the petition are true, that the estate is but little indebted, and that the legacy, devise or share of the estate or any portion thereof *may be distributed without loss to the creditors or injury* to the estate or any person interested therein..." *Id.* § 3003. (emphasis added).

4. The Court looks to California case law for interpretation since the Guam legislature enacted a Probate Code substantially identical to the California Probate Code in 1953. *Zahnen v. Limtiaco*, 2008 Guam 5, ¶ 17.

5. The purpose of provisions permitting preliminary distribution is to encourage early distribution of property to legatees whenever it can be accomplished without jeopardizing the rights of others interested in the estate. *Estate of McCallen*, 125 Cal. Rptr. 645, 53 Cal.App.3d 142 (1975).

6. The recurring issue of distributing Decedent's CEI shares is evidenced by the filings on June 15, 2015[3] and June 24, 2015.[4] The 108,333 shares of stock in CEI remain neutral since the death of the Decedent. The Court agrees that the continued delay in distribution of the CEI shares may cause injury to CEI, in effect to the Decedent's estate.

7. As the Court determines below, although Decedent's estate is indebted, such debt is slight. In addition, the Court finds that preliminary distribution of the CEI shares is in the best interest of the estate or that it may grant distribution "without loss to the creditors or injury to the estate." Lastly, the Court finds the heirs, as identified by the Petition for Preliminary Distribution are entitled to the 108,333 CEI shares.

---

[3] Vivian McCurdy filed an Ex Parte Petition for Letters of Special Administration for the limited purpose of voting all of the Decedent's Estate at CEI's Annual Shareholders Meeting on June 17, 2015.
[4] George Ulloa and Marcelene Santos filed a Petition for Special Letters of Administrator to Distribute Bequests of Stock.

B. PENDING LITIGATIONS WILL NOT AFFECT THE SUBJECT OF THE PRELIMINARY DISTRIBUTION

1. McCurdy also contends that the Court cannot grant a preliminary distribution where there are two pending litigations, CV0632-17 (*Vivian Ulloa McCurdy v. Chamorro Equities, Inc.*) and CV1120-16 (*Vivian Ulloa McCurdy v. Estate of Lucy P. Ulloa, by its Court-Appointed General Administrator, Office of the Public Guardian, Marcelene C. Santos*). However, Petitioner contends that the disposition of these cases will not affect the preliminary distribution it is seeking. In fact, the resolution in CV0632-17 increases the value of Decedent's estate. The Court agrees with the Petitioners.

2. In this matter, Petitioners are seeking a preliminary distribution of the 108,333 shares of stock in CEI.

3. Several courts have held that a partial distribution may not be ordered where the assets are merely claimed to exist and the estate's right to them is involved in litigation. *See* 18 A.L.R.3d 1173 (1968).

4. However, in the *Estate of Dabney*, 37 Cal.2d 672, 234 P.2d 962 (1951), the court upheld the discretion of the probate court in allowing preliminary distribution when adverse claims amounted to 25 to 40 percent of assets. Additionally, the Court agrees that "distribution of decedents' estates cannot be delayed to await determination of prospective litigation by adverse claimants of estate's properties or any portion thereof, when estate is otherwise ready for distribution." *Id.* at 679 (citing *Estate of Ross*, 180 Cal. 643 (1919)).

5. As in the *Dabney* court, the Court believes that the judge trying the adverse action against the estate is in a better position than this Court to assess likelihood of success in the civil action. *Id.*

6. Nonetheless, even if the Court assumes a favorable disposition in CV0632-17, the Court finds such disposition will increase the value of Decedent's estate, rather than decrease it.

7. Additionally, the Court is not convinced that a favorable judgment to McCurdy in CV1120-16 would directly affect the subject of this preliminary distribution, since the claim is for approximately $125,000 in costs and fees. Assuming the Court grants the Petition to distribute the CEI shares, the Decedent's estate would remain valued at nearly one million dollars.

8. Therefore, the Court finds that the pending litigations involving Decedent's estate do not hinder a preliminary distribution.

C. OBJECTION TO APPOINTMENT OF MCCURDY AS AN EXECUTOR DOES NOT VIOLATE THE NO-CONTEST PROVISION

1. Lastly, McCurdy argues that the Court cannot grant a preliminary distribution because George Ulloa's objection to McCurdy serving as the Executor of Decedent's estate violates the no-contest provision in Decedent's Will.

2. Notably, this Court granted George Ulloa's objection and found "[McCurdy] is not competent to serve as an executor for 'want of understanding' of an executor's duties and obligations under 15 GCA 1701(c)(5)." OAH Re: Motion to Dismiss, at p. 4 (Mar. 21, 2016).

3. Several cases have concluded that actions objecting to the appointment of nominated executors do not violate the no-contest clause. Specifically, in *In re Bullock's Estate*, the Court opined that a "beneficiary has a right to express a feeling of hostility toward and an opinion of the executor 'in any way, at any place, at any time' he sees fit, without being vulnerable to a charge that he directly or indirectly aided in the contest of the will." 264 Cal. App. 2d 197, 202, 70 Cal. Rptr. 239, 243 (Ct. App. 1968) (citing *Lavine v. Shapiro*, 257 F.2d 14, 19 (7th Cir. 1958). The *Bullock* court

reasoned that such action does not necessarily oppose, contest, attack, or seek to impair or invalidate or set aside the will." *Id.*

4. Similarly, George Ulloa's objection specifically indicated that it did not object to the dispositive portion of the Decedent's Will, but the objection was limited to McCurdy serving as an executor.

5. The Court also agrees with the reasoning provided in *Wojtalewicz's Estate v. Woitel* that enforcement of the no-contest provision in similar cases would force a beneficiary to "stand by silently while the executor jeopardizes the assets of the estate." 93 Ill. App. 3d 1061, 1064, 418 N.E.2d 418, 421 (1981). More importantly, that such enforcement would be contrary to the court's role in ensuring fair dealing and diligence. *Id.*

6. Similarly, the Court declines to find McCurdy's argument persuasive and disagrees that distribution is premature because of a purported violation of the no-contest clause provision.

//

//

//

## CONCLUSION

1. Finding that the notice requirement has been satisfied pursuant to Section 2503, the Court has sufficient information under Section 3001, and that preliminary distribution is in the best interest of Decedent's estate based on Section 3003, the Court finds that preliminary distribution at this time is appropriate.

2. The Court determines that bond is unnecessary, pursuant to Section 3001(a).

3. The Court hereby GRANTS the Petition for Preliminary Distribution and ORDERS the Administratrix to deliver to the heirs 108,333 shares of Chamorro Equities, Inc. to be divided equally and not inconsistent with the terms of the Decedent's will.

**SO ORDERED** this MAR 2 3 2018 .

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

Jacqueline Terlaje;
Berman O'Connor Mann

Date: 3-23-18 Time: 4:20pm

Deputy Clerk, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

Camacho Calvo Law;
OPG

Date: 3-23-18 Time: 4:20pm

Deputy Clerk, Superior Court of Guam